# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

**FILED**

OCT - 1 2012

THOMAS G BRUTON
CLERK, U S DISTRICT COURT

| | |
|---|---|
| Michael W. Hawkins | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| Vs. | ) Case No. 1:12-cv-05893 |
| | ) Honorable Judge Charles P. Kocoras |
| | ) Magistrate Judge Arlander Keys |
| | ) |
| James Tenuto, et al., | ) |
| | ) |
| Defendants. | ) |

## Notice of

## PLAINTIFF'S MOTION FOR JUDGMENT/DECISION

Plaintiff, Michael W. Hawkins, by and through representation as Pro Se Litigate, Michael W. Hawkins, Pro Se, hereby submits Plaintiff's Motion for Judgment/Decision on the Issue of that there are no issues of material fact that are in dispute in this lawsuit, and that therefore the moving party will prevail under the law. Therefore, Judgment should be entered in favor of Plaintiff on the issue of:

**Granting a Motion to Vacate Objector's Petition.**

Because the material facts of this case are undisputed with the application of the State Board of Elections Rules of Procedure to those facts. Plaintiff is entitled to Judgment/Relief as a matter of law.

Respectfully Submitted,

Michael W. Hawkins, Plaintiff, Pro Se
7760 S. 78th Ct.
Bridgeview, IL. 60455
708-733-8828
e-mail, www.MW2012@rocketmail.com

Civil Action No. 1:12-cv-05893

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____

☒ I personally served the ~~summons~~ Motion on the individual at *(place)*
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)*
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)*
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☒ Other *(specify):*


My fees are $ 0 for travel and $ 0 for services, for a total of $ 0.00

I declare under penalty of perjury that this information is true.

Date: _____

*Michael W. Hawkins, Pro Se*
Server's signature

Printed name and title
Michael W. Hawkins, Pro Se
7760 S. 78TH CT
Bridgeview, IL 60455
Server's address

Additional information regarding attempted service, etc:

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

**FILED**

OCT - 1 2012

THOMAS G BRUTON
CLERK, U S DISTRICT COURT

| | |
|---|---|
| Michael W. Hawkins | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| Vs. | ) Case No.     1:12-cv-05893 |
| | ) Honorable Judge Charles P. Kocoras |
| | ) Magistrate Judge Arlander Keys |
| | ) |
| James Tenuto, et al., | ) |
| | ) |
| Defendants. | ) |

## PLAINTIFF'S MOTION FOR JUDGMENT/DECISION

Plaintiff, Michael W. Hawkins, by and through representation as Pro Se Litigate, Michael W. Hawkins, Pro Se, hereby submits Plaintiff's Motion for Judgment/Decision on the Issue of that there are no issues of material fact that are in dispute in this lawsuit, and that therefore the moving party will prevail under the law. Therefore, Judgment should be entered in favor of Plaintiff on the issue:

**Granting a Motion to Vacate Objector's Petition.**

Because I did not have a fair chance to present my case in the HEARING ROOM AT the SCHEDULED Date/Time, BEFORE the Election Board participating in a telephonic conference to question Springfield associates and to present copies of the signatures sent to the board but the board refused to accept before the HEARING. After the Hearing I submitted A BLACK NOTEBOOK WITH COPIES OF THE FIRST 100 PAGES of PETITION SHEETS WITH SIGNATURES of almost 1000 VOTERS SIGNATURES. Ken was the associate at the Board I gave the notebook to but the Board has not presented to the court. It is impossible for me to make another copy. It is further proof

1

that the Board became more of a Defendant rather than a neutral party in the process.

I would also like to ask the court to order the return of that notebook. That has been ignored, information that if presented in front of the BOARD, THE OBJECTOR and the HEARING OFFICER, <u>at the hearing</u> would have satisfied the Objectors request to see copies of all the paperwork sent in, with the signatures he <u>THEN</u> would have withdrew his Objections to my Petitions. I did satisfy the objector because he even called me the night before the final 5 minutes I was to participate in the morning and **HE BROKE THE LAW TO CALL**! WE WERE ON A **NO CONTACT ORDER** ISSUED BY THE BUFFALO GROVE POLICE he told me that he would be withdrawing everything at the final hearing in the morning.

I was told I would only have to satisfy the Objectors Petition at the HEARING and that the Board is not a litigate/Plaintiff/Defendant in the HEARING.

The State Board of Elections before the Board, # 12SOEBGE513, on 07/09/2012 10:00 AM I did not have a fair chance to present my case in the HEARING ROOM AT the SCHEDULED Date/Time, BEFORE the Election Board, the Objector and the Hearing Officer and we would a record since there was stenographer court recorder. Review of the recorded minutes will further prove I did not receive a fair and complete hearing, because the material facts of this case are undisputed, and Plaintiff is entitled to judgment as a matter of law.

## INTRODUCTION

This case involves a Hearing before the State Board of Elections as the duly constituted Electoral Board to hear and pass upon Objections to Certificates of Nomination and/or Nomination papers, that occurred on July 09, 2012 as the undisputed facts stated below clearly establish that this is a case where the Defendant simply failed to provide a Fair and Complete Hearing for the Plaintiff to defend against an Objector. Plaintiff is entitled to judgment and any relief as a matter of law based upon the undisputed material facts of this case and the application of the State Board of Elections Rules of Procedure to those facts. (See Exhibit A)

2

## UNDISPUTED FACTS

The Plaintiff was allowed to complete two of the eight purposes **BEFORE** the State Board of Elections as the Duly Constituted Electoral Board to Hear and Pass upon Objections to Certificates of Nomination and Nomination papers. 07/09/2012, 10:00AM. I got to say out loud in front of the Board, my name and that I was Pro Se, then all the others where introduced then the Judge said any of you Lawyer's that need a copy of rules of procedure see the clerk, "then I said Your Honor I'm not a lawyer but could I have a copy " he said sure then the Clerk handed me a copy, then Ken an associate of the Board came over to me and asked me to come in the HALLWAY, I did and I was introduced to James Tenuto, my hearing officer. He said Hi, I am James Tenuto and I will be your hearing officer. I said O.K. great lets go to the hearing and he said no we are done here today Mr. Hawkins. Then I said oh no I'm so post to be in there to have a hearing and he said, "No someone will be in touch with you. He walked away. I went to the counter and yelled because there was no one at the counter, then I asked the girl to get the boss out here because I got a big problem, she said hold on a minute Ken will be with you. Then Ken came out and I explained everything and said he was sorry but he couldn't do anything and said that same quote "we are done here" as James Tenuto walked up and then asked Ken do we need to call security? Then I said No I guess we are done here! That was my hearing.
(See Exhibit B)

## ARGUMENT

The undisputed facts of this case make it clear that the Defendant simply failed to to provide Plaintiff with Fair and Complete Hearing. The application of the State Board of Elections, RULES OF PROCEDURE FOR THE HEARING AND PASSING UPON OBJECTIONS shows that Plaintiff is entitled to judgment and relief as a matter of law.

Here, the facts show the harm caused to Plaintiff. Accordingly, Plaintiff is entitled to judgment and relief as a matter of law that Defendant was negligent, and that there was no contributory negligence on Plaintiff's part.

## **CONCLUSION**

Plaintiff is entitled to judgment and relief to the maximum allowed as a matter of law. The undisputed facts show that Plaintiff was harmed, as he was proceeding lawfully and that, Defendant was negligent as a matter of law. Accordingly, Plaintiff respectfully requests that this honorable Court enter judgment in favor of Plaintiff and against Defendant, and that this matter be judged with a Final Decision Made.
(See Exhibit C)

Respectfully Submitted,

Michael W. Hawkins, Plaintiff, Pro Se
7760 S. 78th Ct.
Bridgeview, IL. 60455
708-733-8828
e-mail, www.MW2012@rocketmail.com

# Exhibit A

# RULES OF PROCEDURE

## ADOPTED BY THE STATE BOARD OF ELECTIONS AS THE DULY CONSTITUTED STATE OFFICERS ELECTORAL BOARD FOR THE HEARING AND PASSING UPON OBJECTIONS TO NOMINATING PETITIONS OF NEW POLITICAL PARTY AND INDEPENDENT CANDIDATES SEEKING PLACEMENT ON THE BALLOT FOR THE NOVEMBER 6th, 2012 GENERAL ELECTION

Pursuant to Section 10-10 of the *Election Code* (10 ILCS 5/10-10), the State Board of Elections, acting in its capacity as the State Officers Electoral Board (the "Board"), a duly constituted electoral board under Section 10-9 of the *Election Code*, hereby adopts the following rules of procedure:

## 1. EXPEDITED PROCEEDINGS

On all hearing dates set by the Board or its designated hearing examiner, (other than the Initial Hearing of the Board) the objector and the candidate (at times individually referred to as "party" or collectively referred to as the "parties") shall be prepared to proceed with the hearing of their case. Due to statutory time constraints, the Board must proceed as expeditiously as possible to resolve the objections. Therefore, there will be no continuances or resetting of the initial hearing or future hearings except for good cause shown. The parties shall make themselves reasonably available by telephone (including cellular phone) during the day and at least until 7:00 P.M (or as otherwise directed by the Board or hearing examiner) for receipt of notice from the Board, from the hearing examiner, or from opposing parties during the course of these proceedings. If the Board or hearing examiner has made reasonable attempts to contact a party by telephone, cellular phone, fax or by e-mail at the number(s) or address(es) provided by that party and the party cannot be contacted or fails to respond to such contacts, the party will be deemed to have received constructive notice of the proceedings and the proceedings may go forward without the presence of that party. If a party has received actual or constructive notice of a hearing and fails to appear, the failure to appear shall constitute acquiescence by such party as to any action taken at that hearing or any agreement made by and between the parties present at the hearing.

## 2. CASE MANAGEMENT CONFERENCE (Initial Hearing)

The Board will notify the parties to appear at a specified time and place for a conference with the General Counsel of the State Board of Elections, his designee or the Board's appointed hearing examiner for the purpose of considering issues such as scheduling, attendance of witnesses, filing of briefs and motions, discovery matters and any other proceedings intended to aid in the expeditious resolution of the objection. This is usually done at the same time as the initial hearing before the State Officers Electoral Board. Additional case management conferences may be called by the Board, the General Counsel or the appointed Hearing Examiner when necessary. If an objector fails to appear at the initial hearing after having been sent due notice, the Board may dismiss the objection for want of prosecution. If a candidate fails to appear at the initial

1

(For a detailed description of specific objections and the policies applied to each, please refer to the attached Appendix A.)

## 10. EVIDENCE

Evidence will be heard by either the Board or the duly appointed hearing examiner as may be submitted, including, but not limited to, documentary evidence, depositions, affidavits, and oral testimony. Evidentiary depositions submitted by either party shall be entered into evidence. Discovery depositions shall be entered into evidence if agreed to by both parties, otherwise such depositions may only be used for purposes of impeachment. Such documentary evidence shall be presented at a hearing, however service of such documentary evidence may be made by facsimile or e-mail followed by a copy to be served by U.S. Mail if the Board or hearing examiner finds that to be the most expedient method of service.

Due to the fact that the Board must hear and pass upon objections within a limited time, extended examination and cross examination of witnesses will be subject to the discretion of the Board or its duly appointed hearing examiner, and the Board/hearing examiner will not be bound by the rules of evidence which prevail in the circuit courts of Illinois. The Chairman shall make all necessary evidentiary rulings, subject to appeal to the entire Board. Where a hearing examiner has been appointed, he or she will receive all evidence and make all evidentiary rulings, subject to review by the entire Board. The Board will not retry issues heard by a hearing examiner unless the hearing examiner has excluded evidence the Board believes should have been admitted. In such cases the Board will hear the excluded evidence and such other evidence as may be appropriate in response to the matter excluded. The Board will not hear evidence that could have been but was not presented to the hearing examiner, nor will the Board consider objections that could have been, but were not raised in the original objection.

[handwritten margin notes: "who?", "Presented at the initial hearing, told we are done here"]

## 11. ARGUMENT

All arguments and evidence must be confined to the points raised by the objector's petition and objections, if any, to the objector's petition. The Board reserves the right to limit oral arguments in any particular case and will ordinarily allow not more than ten minutes per side for argument.

With regard to the substance of the objections, generally the objector must bear the burden of proving by operation of law and by a preponderance of the relevant and admissible evidence ("the burden of proof") that the objections are true and that the candidate's nomination papers are invalid.

## 12. ORDER

If the objections are sustained in whole or in part, the Board will issue an Order declaring the remedy up to and including invalidation of the nomination papers. The Board will state its findings in writing noting the objections which have been sustained. If the objection is overruled, the Board will issue the appropriate Order; stating its findings in writing.

8

(c)  Examine witnesses and direct witnesses to testify, limit the number of times any witness may testify, limit repetitious or cumulative testimony, and set reasonable limits on the amount of time each witness may testify;

(d)  Rule upon offers of proof and receive relevant evidence;

(e)  Direct parties to appear and confer for the stipulation of facts or simplification of issues, and otherwise conduct case management conferences;

(f)  Dispose of procedural requests or similar matters;

(g)  Issue subpoenas and rule upon objections to subpoenas (subject to the provisions of paragraph 8 below) and discovery requests;

(h)  Consider and rule upon all motions presented in the course of the proceedings except that a Motion to Strike or Dismiss an Objection or a Motion for Directed Verdict or its administrative equivalent can only be ruled upon by the Board. Unless otherwise directed by the hearing examiner, the hearing of the objection will proceed despite the filing of the above Motions;

(i)  Consider such competent and relevant evidence as may be submitted, including, but not limited to, documentary evidence, affidavits and oral testimony; and

(j)  Enter any order that further carries out the purpose of these Rules.

The Board may on its own motion, strike any objection if it determines that the objection does not meet the requirements set forth in 10 ILCS 5/10-8. Objections to individual signers and/or circulators must consist of a specific objection or objections to that particular signer or circulator. In addition, the Board on its own motion may strike any portion of an objection that it determines to be not well grounded in fact and/or law.

5. **HEARING EXAMINERS**

In view of the time limitations and the amount of evidence to be presented, the Board may appoint a hearing examiner in any case which the Board deems such an appointment necessary or expedient. Any hearing examiner so appointed shall have the duties and powers of the Board as set forth in these rules, except that a hearing examiner shall not have the power to rule upon any motion which would be dispositive of the objection or issue a final decision. In addition, any hearing examiner appointed by the Board is authorized and directed (a) to hold a full hearing and receive all evidence and argument, (b) to prepare a record of the hearing including a full transcript of court reporter stenographic notes of the proceedings (where the presence of a court reporter was determined necessary by the hearing examiner), (c) to prepare an outline of all the evidence, issues and argument (Such outline may be incorporated into the written recommendation.) and (d) to prepare recommendations, and proposal for decision for submission to the Board, the General Counsel and the parties. In cases where a hearing examiner is

3

hearing, he/she will be bound by any decisions made by the Board, the General Counsel or the designated hearing examiner.

3. **APPEARANCE**

The candidate or objector may appear in person on his or her own behalf and participate in any proceeding before the Board or may appear by an attorney licensed to practice law in the State of Illinois. Non-attorneys other than a party appearing pro se shall not appear or participate (including the offering of any argument or advocating a position to the Board, any counsel to the Board or the Board's appointed Hearing examiner) in the Board's hearings on behalf of either the candidate or the objector, except that non-attorneys may participate as observers or coordinators at any records examination on behalf of any party. Out of state attorneys may appear subject to Part 125.60(b) of the Rules and Regulations of the State Board of Elections. A party must file with the Board and other parties of the case a written appearance stating his or her name, address, telephone or cellular phone number, and, if available, a fax number and e-mail address as well as the name and contact information of his or her attorney, where appropriate.

Though every effort will be made by the Board or its designated Hearing Examiner to keep parties informed of upcoming events, parties shall be responsible for periodically checking the Board's website, with the Board's staff or the Board's hearing examiner to keep apprised of scheduled events in their case. The failure of a party to receive actual notice of an event posted on the Board's website regarding their case shall not prevent such event from proceeding as scheduled nor shall it invalidate any action taken at such event.

4. **AUTHORITY OF THE BOARD**

The Board itself or through its duly appointed hearing examiner if applicable; (See Part 5 below) shall conduct all hearings and take all necessary action to avoid delay, to maintain order, to ensure compliance with all notice requirements, and to ensure the development of a clear and complete record. If a Hearing Examiner has been duly appointed, the Hearing Examiner shall preside over all such hearings. At the discretion of the Board or the hearing examiner, hearings may be conducted in two or more locations connected by telephonic or video conference; however, any witness who is going to provide verbal testimony must appear at the same location as the requesting party or its counsel (unless otherwise agreed by such requesting party or their counsel, and the hearing examiner or Board). The Board or its designated hearing examiner shall have all powers necessary to conduct a fair and impartial hearing including, but not limited to:

    (a)    Administer oaths and affirmations;

    (b)    Regulate the course of hearings, set the time and place for continued hearings, fix times for filing of documents, provide for the taking of testimony by deposition if necessary, and in general conduct the proceedings according to recognized principles of administrative law and the provisions of these Rules;

2

# Exhibit B

2329 S. MacArthur Blvd
Springfield, Illinois 62704-4503
217/782-4141
Fax: 217/782-5959

James R. Thompson Center
100 West Randolph, Suite 14-100
Chicago, Illinois 60601
312/814-6440
Fax: 312/814-6485



**EXECUTIVE DIRECTOR**
Rupert T. Borgsmiller

**BOARD MEMBERS**
William A. McGuffage, Chairman
Jesse R. Smart, Vice Chairman
Harold D. Byers
Betty J. Coffrin
Ernest L. Gowen
Judith C. Rice
Bryan A. Schneider
Charles W. Scholz

7/5/2012

BEFORE THE STATE BOARD OF ELECTIONS AS THE DULY CONSTITUTED
ELECTORAL BOARD TO HEAR AND PASS UPON OBJECTIONS
TO CERTIFICATES OF NOMINATION AND NOMINATION PAPERS

IN THE MATTER OF OBJECTIONS BY ) 12SOEBGE513
)
ROBERT I. SHERMAN (Objector) )
MICHAEL W. HAWKINS (Candidate) )

YOU ARE HEREBY NOTIFIED that the State Board of Elections, sitting as the State Officers Electoral Board is required by the provisions of 10 ILCS 5/10-8 through 5/10-10.1 to meet to hear and pass upon objections filed by:

ROBERT I. SHERMAN
778 STONE BRIDGE LANE
BUFFALO GROVE, IL 60089

to the Certificate of Nomination or Nominating Papers of:

MICHAEL W. HAWKINS
7760 SOUTH 78TH COURT
BRIDGEVIEW, IL 60455

YOU ARE FURTHER NOTIFIED that the State Board of Elections, sitting as the State Officers Electoral Board, shall meet on: 07/09/2012 10:00 AM

07/09/2012 10:00 AM
At the James R. Thompson Center
100 W. Randolph St., Ste 14-100,
Chicago IL
and
At their Springfield Office at
2329 S. MacArthur Blvd., Springfield IL

Purpose Page 2 —

12SOEBGE513



(1 of 2)

For the purpose of accepting appearances of the parties or their counsel, appointing hearing examiners to accept evidence, conduct hearings and issue a recommendation on the disposition of the objector's petition, to adopt Rules of Procedure and for such other administrative matters as deemed necessary. You or your attorney are required to be present at the above meeting to present your appearance and to discuss with the Board or its appointed hearing examiner the future scheduling of additional hearings regarding the objection.

These two locations will be linked by a telephonic conference connection, therefore you may appear at either location to participate in this meeting.

Dated: 7/5/2012

William A. McGuffage
CHAIRMAN

07/09/2012    10:00 AM    State Board of Elections Meeting

**To meet to here and pass upon objections.**

Purpose of:

1. Board accepting appearances----- **DONE**

2. Appoint hearing examiners-------- **DONE**

3. Accept Evidence------------------ **NOT DONE *****

4. Conduct Hearing------------------ **NOT DONE*****

5. Issue a recommendation on the disposition of the objector's petition---- **NOT DONE*****

6. To discuss and adopt Rules of Procedure and administrative matters---- **NOT DONE*****

7. To discuss future scheduling of additional hearings-------- **NOT DONE*****

8. Participate in telephonic conference to question Springfield---------- **NOT DONE*****

The above is an overview of the disposition of the objector's petition. As the events or the hearing prove

I did not have a fair chance to present my case.

The court should grant my Motion to vacate Immediately


# Exhibit C

**(1) Generally**

The amount of the civil penalty shall not exceed $1,000,000.

**(2) Special rule for continuing violations**

In the case of a continuing violation, the amount of the civil penalty may exceed the amount described in paragraph (1) but may not exceed the lesser of $1,000,000 per day or $5,000,000.

**(3) Special rule for violations creating gain or loss**

(A) If any person derives pecuniary gain from the violation, or if the violation results in pecuniary loss to a person other than the violator, the amount of the civil penalty may exceed the amounts described in paragraphs (1) and (2) but may not exceed the amount of such gain or loss.