UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MICHAEL W. HAWKINS,           )
                              )
            Plaintiff,        )
                              )
     vs.                      )        12 C 5893
                              )
JAMES TENUTO, et al.,         )
                              )
            Defendants.       )

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge;

This matter comes before the Court on Defendants Illinois State Board of Elections ("Board") and Board Hearing Examiner James Tenuto's ("Tenuto") (collectively "Defendants"), motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12 (c). For the reasons set forth below, we grant Defendant's motion.

## BACKGROUND

This case arises out of the alleged infringement of Plaintiff Michael Hawkins's ("Hawkins") constitutional rights, in violation of 42 U.S.C. § 1983 ("§ 1983"). Hawkins ultimately aspires to be placed on the ballot for the November 6, 2012 general election as a candidate for President of the United States. To ensure that his goal came to fruition, Hawkins filed a nominating petition with the Board listing his political

affiliation as an independent. Subsequently Hawkins filed an additional petition seeking the admission of a new political party, the "Together Enhancing America" party. Hawkins was notified that Illinois law prohibits a candidate to run both as an independent and as a party candidate. Hawkins withdrew his initial independent petition.

A third party ("Objector") objected to Hawkins nomination petition because Hawkins submitted less than the minimal number of signatures required for a new political party nomination. Hawkins was notified of the objection and informed of his opportunity to contest the objection, in the context of a hearing. Prior to the Board hearing, Hawkins filed a motion to dismiss the objection and the Objector moved for summary judgment. Tenuto was appointed by the Board as Hearing Examiner. The duties of a Hearing Examiner range from gathering and preparing a report of all evidence to making recommendations to the Board concerning hearing decisions. Hawkins appeared at the July 9, 2012 hearing and professed the adequacy of his new party application.

Due to the necessity of resolving ballot objections quickly, the Board Rules pertaining to general elections calls for expedited proceedings based on raised objections. After reviewing Hawkins new party nomination petition, Tenuto issued his recommendation to the Board. Tenuto determined that Hawkins's petition was 24,999

signatures short of the minimum 25,000 signatures required by Illinois law to qualify for access to the ballot as a new party candidate for the President of the United States. After receiving Tenuto's recommendation, on July 23, 2012, the Board found that Hawkins's petition contained fewer signatures than the minimum required by law, and therefore would not certify Hawkins' addition to the 2012 Illinois general election ballot.

On July 26, 2012 Hawkins filed a complaint with the court, alleging that the Defendants violated his rights under the federal Constitution's due process clause and state law.

## LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint. *Szabo v. Bridgeport Machs., Inc.*, 249 F.3d 672, 675 (7th Cir. 2001). The allegations in the complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff need not provide detailed factual allegations; it must only provide enough factual support to raise its right to relief above a speculative level is all that is required. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Furthermore, a viable claim must be facially plausible, a requirement that is satisfied "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In assessing a motion to dismiss, the Court accepts all well pled facts as true and draws all permissible inferences in the plaintiff's favor. *Agnew v. NCAA*, 683 F.3d 328, 334 (7th Cir. 2012). A document filed *pro se* is to be liberally construed and however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## DISCUSSION

Hawkins's complaint alleges that the Board and Tenuto failed to provide an adequate hearing to resolve the objection to his petition for him to ultimately gain access to the general election ballot. Specifically Hawkins complains that he was not allowed to present mitigating evidence or question witnesses. Giving wide latitude to the *pro se* nature of Hawkins's complaint the Court gives considerable leeway in addressing his arguments. We construe Hawkins's complaint to allege that Defendants violated his right to procedural due process under the Fourteenth Amendment and related state law claims.

### I. The Illinois State Board of Elections

The Board argues that they are immune from suit under the Eleventh Amendment. The Eleventh Amendment provides a state with immunity from suit in federal court unless the state consents to the suit or Congress has abrogated its

immunity.  *Seminole Tribe v. Florida*, 517 U.S. 44, 54 (1996).  While the Eleventh Amendment "is not jurisdictional in the sense that courts must address it *sua sponte*," its nature "suggests that it is a threshold issue."  *Patsy v. Board of Regents of the State of Florida*, 457 U.S. 496, 515 n.6. (1982).   State agencies are treated as states for Eleventh Amendment purposes. *Tucker v. Williams*, 682 F.3d 654, 658 (7th Cir. 2012).  The Supreme Court has determined that there is no exception to state sovereign immunity for § 1983 claims.  *Quern v. Jordan*, 440 U.S. 332, 342 (1979). Additionally, states and their departments are not "persons" within the meaning of § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

It is well settled that the Board constitutes a state agency and therefore is immune from suit pursuant to the Eleventh Amendment.  *Alabama v. Pugh*, 438 U.S. 781 (1978) (holding that a suit against a State Board of Corrections is barred by the Eleventh Amendment);  *Stevenson v. State Bd. of Elections*, 794 F.2d 1176 (7th Cir. 1986) (the Board of Elections as an entity, is not a proper defendant to a constitutional challenge to an Illinois statute).  The Court dismisses Hawkins's claims against the Board.

## II. Hearing Examiner James Tenuto[1]

Hawkins cryptically makes two arguments concerning the procedures undertaken during the course of his ballot objection hearing.  First, Hawkins complains that Tenuto

---

[1] Tenuto is named as a Defendant in conjunction with his corresponding position with the Board as a Hearing Examiner.  In the absence of specifying the capacity which he is being sued under, the Court construes the claims against him to be brought in his official capacity, due to the inclusion of his position's title.

did not follow Board policy and state law in conducting the hearing in violation of state law. Secondly, the Court construes the complaint as alleging a due process violation brought pursuant to § 1983. The Court will consider Hawkins's arguments in order.

**A. State Law Violations**

Hawkins appears to primarily argue that the hearing he received was in violation of Board Hearing Policy and the Illinois Code of Civil Procedure. Hawkins alleges that he was not able to question witnesses or present evidence in his favor. The nexus between the alleged inadequate hearing and the procedures that were allegedly violated involve state law. Tenuto argues that the Eleventh Amendment precludes the Court from entertaining Hawkins's request which would require him, a state official, to conform his conduct to Board policy or state law. The Court agrees. A federal court lacks jurisdiction to enjoin state officials to follow state law. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984). "[I]t is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law." *Id.* The Court dismisses all state law claims against Tenuto.

**B. Constitutional Violations**

In the interest of thoroughness the Court will analyze the merits of Hawkins constitutional claim. Hawkins does not specify the type of relief he is seeking against

Tenuto. Therefore as an initial matter this Court must determine the type of relief which can be granted. The Eleventh Amendment does not bar an official capacity suit seeking prospective injunctive or declaratory relief against a state official. *See, e.g. Verizon Md. Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 644-45 (2002); *citing Ex Parte Young*, 209 U.S. 123, 159-60 (1908).

Tenuto acknowledges that state officials can be sued for prospective injunctive relief under a § 1983 claim. Hawkins does not specifically cite the type of relief he is seeking, but he emphasizes his desire to run for President of the United States. Hawkins asks the Court to rule as soon as possible due to the proximity of the November 6, 2012 Presidential Election. The Court therefore construes the relief sought as prospective in nature.

Hawkins does not specifically articulate the constitutional violation underlying his § 1983 suit, but we construe his claim as a constitutional violation of his due process rights. Tenuto asserts that he has qualified immunity and consequently his conduct is immune from suit in this action. To assess if a defendant may assert qualified immunity, the court must engage is a two-part inquiry. *Wilson v. Layne*, 526 U.S. 603, 609 (1999). The Court "must first determine whether the plaintiff has alleged the deprivation of an actual constitutional right at all, if so, [then we] proceed to

determine whether that right was clearly established at the time of the alleged violation." *Id.*

We first assess whether Hawkins has sufficiently alleged an infringement on his constitutional rights. To maintain a procedural due process action, Hawkins must establish that a state actor has deprived him of a constitutionally protected interest without due process of law. *See Zinermon v. Burch*, 494 U.S. 113, 125 (1990). The complaint must allege that (1) Hawkins possessed a constitutionally protected interest; and (2) a state actor caused a deprivation of that interest without due process of law. *Id.* If Hawkins failed to sufficiently plead either component, he has failed to allege a viable constitutional violation negating the need to address the Tenuto's claim for qualified immunity.

Hawkins broadly alleges that Tenuto did not provide an adequate hearing in violation of the Board's hearing policy. As a result of the deficient hearing he alleges that his party was not allowed on the ballot. It has been established that the concept of "liberty" protects against state impairment of due process rights which include the freedom of speech and association. *Briscoe v. Kusper*, 435 F.2d 1046 (7th Cir. 1970). This liberty interest may take the form of creating political affiliations or simply supporting specific policies. *NAACP v. Alabama ex rel. Flowers*, 377 U.S. 288 (1964). Access to a presidential election ballot represents an integral element in the effective

exercise and implementation of the aforementioned activities. *See Hadnott v. Amos*, 394 U.S. 358 (1969). The Court finds that Hawkins has pled a sufficient constitutionally protected liberty interest in his right to ballot access.

After determining a Plaintiff has a constitutionally protected interest, the Court must next determine "whether the procedures attendant upon that deprivation were constitutionally sufficient." *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989). In *Mathews v. Eldridge*, the Supreme Court established a three prong test for evaluating what process is due when the government effects a deprivation of a protected liberty interest. 424 U.S. 319 (1976). *Eldridge* requires courts to balance: "first, the private interest that will be affected by the official act; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any of additional or substitute procedural safeguards; and finally the Governments interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Id* at 335.

Hawkins fails to elicit any evidence concerning the process required under the *Mathews* balancing test to protect his liberty interest in access to the ballot. In the absence of any argument concerning Hawkins's position on the *Mathews* factors, the Court balances each consideration. Hawkins's protected liberty interest involves his omission from the general election ballot as a consequence of the hearing. This interest

is significant in light of the democratic principles of government that this nation was founded on. With this in mind, Hawkins's interest must be balanced with the procedures employed by Tenuto and the risk of erroneous deprivations which may accompany the procedures. The Board instituted a hearing, appointed Tenuto as a Hearing Examiner, and permitted Hawkins to contest the objection to his petition. An expansion of the hearing format that Hawkins vaguely argues is feasible but in consideration of the third factor it is procedurally and fiscally burdensome. A petitioner having the unfettered ability to admit evidence and question witnesses at their discretion would substantially impede the administration of an orderly and time sensitive hearing process. Hawkins has failed to provide a sufficient procedural due process claim. Accordingly, the constitutional due process claims against Tenuto in his official capacity are dismissed.

## CONCLUSION

For the reasons set forth above, we grant the Defendant's motion to dismiss.

*Charles P. Kocoras*
———————————————
Charles P. Kocoras
United States District Judge

Dated:   October 31, 2012